**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHOLEY MCKENZIE A/K/A DANIEL BROWN | : | |
| | : | No. 599 EDA 2018 |
| Appellant | : | |

Appeal from the PCRA Order January 19, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0209291-1994

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 13, 2019**

Choley McKenzie a/k/a Daniel Brown ("McKenzie") appeals from the order dated January 19, 2018,[1] in the Philadelphia County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[2]  McKenzie seeks relief from an aggregate term of two years' probation after the trial court convicted McKenzie on June 23, 1995, of possession with intent to deliver (marijuana) ("PWID") and knowingly and intentionally possessing a controlled substance.[3]  Contemporaneous with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  The order was filed January 22, 2018.

[2]  **See** 42 Pa.C.S. §§ 9541-9546.

[3]  **See** 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

this appeal, McKenzie's counsel filed an application to withdraw from representation. For the reasons below, we affirm the PCRA court's order and grant counsel's application to withdraw.

The underlying facts are well known to the parties and we need not recite them herein. As indicated above, the Honorable Ronald B. Merriweather found McKenzie guilty of PWID and intentionally possessing a controlled substance on June 23, 1995.[4] McKenzie did not file any post-sentence motions or a direct appeal. The case apparently went dormant until June 24, 2016, when McKenzie filed an untitled, *pro se* document that was treated as a PCRA petition.[5] He subsequently filed numerous *pro se* petitions on October 16, 2017, and November 2, 2017, referring to a writ of error *coram nobis*. On December 14, 2017, McKenzie filed a *pro se* petition for writ of error *coram nobis*.

During this time, counsel was appointed, who then filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on

---

[4] McKenzie claims he pled guilty to the crimes, but the limited docket does not reflect a guilty plea. **See** Notice of Court's Intent to Dismiss Without Hearing Defendant's Writ of Coram Nobis Pursuant to Pa.R.Crim.P. 907, at 1 n.2. Nevertheless, this is of no consequence to the disposition of this appeal.

[5] The matter was reassigned to the Honorable Lucretia Clemons at this time. The gist of McKenzie's argument is that counsel was ineffective for failing to advise him of the risk of deportation as a non-United States citizen following his convictions.

December 12, 2017. Counsel concluded the petition was untimely and McKenzie was no longer serving his sentence and, therefore, he did not qualify for PCRA relief.

On December 18, 2017, the PCRA court issued a notice of intention to dismiss McKenzie's writ of *coram nobis*,[6] without a hearing pursuant to Rule 907. The court also granted counsel's request to withdraw. McKenzie did not file a response. On January 19, 2018, the PCRA court dismissed the petition on the untimeliness and ineligibility grounds.

On February 12, 2018, McKenzie filed a *pro se* notice of appeal. On March 26, 2018, the PCRA court ordered McKenzie to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 27, 2018, the court appointed new PCRA counsel. On August 31, 2018, counsel filed a petition to withdraw and an ***Anders***[7] brief with this Court.

_____

[6] The PCRA provides "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies of the same purpose that exist when [the Act] takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. As noted by the PCRA court, in ***Commonwealth v. Descardes***, 136 A.3d 493 (Pa. 2016), the Pennsylvania Supreme Court determined the petitioner's claim regarding counsel's ineffectiveness in advising him regarding possible deportation consequences of his plea could have been raised in a PCRA petition, and therefore, he was not entitled to relief *via* a writ of *coram nobis*. ***Descardes***, 136 A.3d at 503. ***See also*** Notice of Court's Intent to Dismiss Without Hearing Defendant's Writ of Coram Nobis Pursuant to Pa.R.Crim.P. 907, at 1 n.1.

[7] ***See Anders v. California***, 386 U.S. 738 (1967). As will be discussed *infra*, counsel should have filed a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), rather than an ***Anders*** brief.

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** 'no-merit letter' is the appropriate filing." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). Pursuant to **Turner**/**Finley** and their progeny:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the procedural aspects of **Turner**/**Finley**. Although he improperly filed an **Anders** brief, as opposed to a "no merit" letter, this Court may accept such a filing "'[b]ecause an **Anders** brief provides greater protection to a defendant.'" **Reed**, **supra**, 107 A.3d at

- 4 -

139 n.5 (quotation omitted). Furthermore, counsel provided McKenzie with a copy of the brief and the petition to withdraw, and McKenzie was advised of his right to proceed *pro se* or with private counsel. **See** Motion for Leave to Withdraw as Counsel, 8/31/2018. McKenzie did not respond to counsel's petition, but did file a *pro se* brief on October 24, 2018, raising his writ of *coram nobis* argument again.[8] Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1,

---

[8] **See Descardes**, **supra**.

> 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id.***

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct. Rule 13. Moreover, there exists a *proviso* to the 1995 amendments to the PCRA that provides a grace period for petitioners whose judgments became final on or before the January 16, 1996 effective date of the amendments. However, the *proviso* applies to first PCRA petitions only, and the petition must be filed by January 16, 1997. ***See Commonwealth v. Thomas***, 718 A.2d 326 (Pa. Super. 1998) (*en banc*).

Instantly, McKenzie's judgment of sentence became final on July 23, 1995, at the expiration of the time in which he had to file a direct appeal. Moreover, pursuant to the 1995 amendments, he had until January 16, 1997, to file a timely PCRA petition, making McKenzie's June 24, 2016, petition patently untimely.

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Further, any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). Here, McKenzie fails to assert any reason why his petition falls within one of the exceptions to the timeliness requirement.[9] Accordingly, the PCRA court was correct in finding his petition was untimely filed.

Likewise, the PCRA court properly determined McKenzie failed to plead and prove that he is eligible for relief pursuant to 42 Pa.C.S. 9543(a)(1), which provides, in pertinent part, as follows:

_____

[9] In his December 14, 2017, filing, McKenzie claims he "recently discovered" there was no warrant to search or arrest him, which suggests the 42 Pa.C.S. §§ 9545(b)(1)(ii) exception. Petitioner's Amendment to Writ of Error *Coram Nobis*, 12/14/2017, at 14. However, as pointed out by the PCRA court, McKenzie does not explain how this information could not have been discovered during his trial, and more importantly, it is unrelated to his ineffective assistance of counsel claim regarding the immigration consequences of his convictions. *See* Notice of Court's Intent to Dismiss Without Hearing Defendant's Writ of *Coram Nobis* Pursuant to Pa.R.Crim.P. 907, at 3 n.4.

**(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth **and is at the time relief is granted**:

(i) **currently serving a sentence of imprisonment, probation or parole for the crime**;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii) (emphasis added). In the present case, McKenzie failed to demonstrate that he is still serving a sentence for the convictions which he is appealing.

As previously indicated, McKenzie was sentenced to two years of probation on June 23, 1995, which naturally terminated on June 23, 1997. *See* Docket Entry, 5/9/2005 ("PROBATION CASE TERMINATION"). McKenzie does not suggest or provide any evidence that he is still serving a sentence of probation for this specific case. Therefore, he is not entitled to PCRA relief.

Because we conclude the PCRA court did not err (1) in determining that McKenzie's petition, and subsequent filings, was actually a request for PCRA relief; and (2) in finding that McKenzie's petition was untimely filed and he

was ineligible for relief, we affirm the order of the PCRA court and grant counsel's motion to withdraw as counsel.[10]

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/19

---

[10] In its Rule 1925(a) opinion, the PCRA court indicated McKenzie's issues on appeal should be waived for failure to file a concise statement as directed to do so in its March 26, 2018, order. **See** Opinion, 6/22/2018, at 1. While we recognized that the bright line rule regarding concise statements should be strictly adhered to, **see Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005), we think the error is largely attributable to the appointment of new PCRA counsel after the order was entered and counsel's decision to file a petition to withdraw. Accordingly, we decline to find waiver in this appeal. Moreover, we "may affirm the lower court on any basis, even one not considered or presented in the court below." **Commonwealth v. Burns**, 988 A.2d 684, 690 n.6 (Pa. Super. 2009), *appeal denied*, 8 A.3d 341 (Pa. 2010).